**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TAMMY J. MILNE,

      **Plaintiff,**

            v.

ALN INTERNATIONAL, INC., et
al.,

      **Defendants.**

      **Case No. 1:26-cv-164**

      **JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

Tammy Milne sued ALN International, Inc., and various as-yet unidentified Doe defendants in the Hamilton County Court of Common Pleas on January 14, 2026. (Doc. 1-2, #11). ALN removed the case to this Court on diversity grounds shortly thereafter. (Doc. 1, #1). And it now moves to dismiss Milne's Complaint, both on personal jurisdiction grounds and for failure to state a claim. (Doc. 4). The Court agrees with the former and thus declines to reach the latter.

## BACKGROUND

Milne's allegations are straightforward, but remarkably short on specifics. On some unspecified date, Milne underwent some unspecified vascular surgery, at some unspecified hospital, performed by some unspecified medical personnel. (Compl., Doc. 2, #24–25). During that procedure, whatever it was, the unspecified (and unnamed) medical personnel implanted an unspecified ALN "component" into Milne's vena cava. (*Id.* at #24). But, Milne says, ALN's component was defective and therefore "did actually wear down prematurely, causing [unspecified] injuries to [Milne]." (*Id.* at

#25).

Based on those allegations, she asserts four counts, apparently arising under Ohio common law:[1] (1) a manufacturing defect claim, (2) a failure to warn claim, (3) a design defect claim, and (4) a negligence claim. (*Id.* at #25–29). In addition to her actual damages, Milne seeks punitive and treble damages, as well as attorney's fees and costs. (*Id.* at #29).

ALN seeks dismissal on a few different bases. First, it says that Milne has not established a prima facie case of personal jurisdiction over ALN. (Doc. 4, #35–40). In the event the Court disagrees with that argument, ALN separately contends that the Court should dismiss Milne's Complaint under Federal Rule of Civil Procedure 12(b)(6) based on Milne's failure to provide any meaningful details. (*Id.* at #40–45). And it also asserts that the Ohio Products Liability Act precludes Milne's claims, in any event. (*Id.* at #45–46). Apart from the merits, ALN also takes issue with Milne's requests for punitive and treble damages. (*Id.* at #46–49). Milne has responded, (Doc. 8), and ALN has replied, (Doc. 9), so the matter is ripe for review.

---

[1] The Complaint is not exactly clear on the question of whether the claims arise under Ohio common law, or instead the Ohio Products Liability Act (OPLA). Suffice to say, though, the Complaint never mentions, let alone discusses, the OPLA. That is unlike her proposed Amended Complaint, in which she specifically mentions that Act. So the Court assumes that Milne's Complaint is advancing common law claims. That said, because the Court decides the motion on personal jurisdiction grounds, the precise nature of Milne's claims does not matter in the end.

## LAW AND ANALYSIS

**A.  Milne Fails to Establish a Prima Facie Case of Personal Jurisdiction Over ALN, and Jurisdictional Discovery is Unwarranted.**

The Court begins its analysis with personal jurisdiction. *See Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 566 (6th Cir. 2001) ("As with every case, we begin with any jurisdictional issues."). The Court largely ends it there, too.

When faced with a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court has three options: it (1) "may determine the motion on the basis of affidavits alone"; (2) "permit discovery in aid of the motion"; or (3) "conduct an evidentiary hearing on the merits of the motion." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). If the court decides the motion on the pleadings and affidavits alone, a plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* (quoting *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012)). In evaluating whether the plaintiff meets this "relatively slight" burden, the court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). And the court "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citing *Serras*, 875 F.2d at 1214). That limitation is meant to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.*

Here, though, neither side presents affidavits. So the Court has no "facts" regarding personal jurisdiction before it. Thus, because the Court elects to move forward on the papers, the only question is whether the allegations in Milne's Complaint, read in the light most favorable to her, suffice to establish a prima facie case of personal jurisdiction. In other words, "[d]ismissal in this procedural posture is proper only if all the specific facts which the plaintiff … alleges collectively fail to state a prima facie case for jurisdiction." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (emphasis removed) (quoting *Theunissen*, 935 F.2d at 1458).

But the "specific facts" part of that quote matters. Just as with allegations directed to the merits, jurisdictional allegations are subject to the *Twombly/Iqbal* pleading standard. *See Palnik v. Westlake Ent., Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (citations omitted) ("[T]he complaint must have 'established with reasonable particularity' those specific facts that support jurisdiction."). Or, to use then-Judge, now-Justice, Gorsuch's words, in considering personal jurisdiction, the court "tak[es] as true all well-pled (that is, plausible, non-conclusory, and nonspeculative) facts alleged in plaintiffs' complaint." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citations omitted); *see also Haley Paint Co. v. E.I. Dupont De Nemours & Co.*, 775 F. Supp. 2d 790, 798–99 (D. Md. 2011) (relying principally on *Palnik* and *Dudnikov* in holding that the *Twombly/Iqbal* standard

4

applies to jurisdictional allegations). All of that is to say that conclusory assertions of jurisdiction won't cut it.

Applying that framework here, to state a prima facie case for jurisdiction, Milne must allege specific facts from which the Court can plausibly infer that (1) Ohio's long-arm statute extends to ALN, and (2) the Court's exercise of personal jurisdiction over ALN comports with due process. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)) ("The defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met."). The parties, for their part, focus on the due process prong of the analysis, which the Court finds dispositive.

Before turning to the nitty-gritty of due process, though, the Court first notes that personal jurisdiction comes in two forms: general and specific. *Malone*, 965 F.3d at 501 (citing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction exists when the defendant's connections to the forum state are "so continuous and systematic as to render the defendant essentially at home there." *Id.* at 501 (cleaned up) (quoting *Goodyear Dunlop Tires Ops., S.A.*, 564 U.S. at 501). By contrast, specific jurisdiction "depends on an 'affiliation between the forum and

5

the underlying controversy.'" *Id.* at 502 (quotation omitted). Here, all agree that the Court lacks general jurisdiction over ALN. So the only question is specific jurisdiction.

The specific jurisdiction inquiry under the Due Process Clause implicates a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016) (emphasis and citation omitted). And, because Milne's argument for jurisdiction involves products that allegedly move in interstate commerce, the Court applies the Sixth Circuit's "stream of commerce 'plus' theory of specific personal jurisdiction." *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019) (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir. 2003)). "Under that theory, for a defendant to purposely avail himself of the privilege of acting within a forum state, he must do more than merely place a product into the stream of commerce." *Id.* (citation omitted). In addition, "the defendant must show a specific intent to serve the forum's market." *Arnold v. CooperSurgical, Inc.*, 681 F. Supp. 3d 803, 822 (S.D. Ohio 2023) (citing *Parker*, 938 F.3d at 840).

Milne's difficulties arise at the outset of the three-step test for specific jurisdiction outlined above. Her jurisdictional allegations amount to (1) an allegation that ALN engaged in unspecified "conduct in Hamilton County causing Plaintiff's injuries and economic damages"; (2) an allegation that "conduct related to this action

6

occurred in Hamilton County"; and (3) an allegation that, "[a]t all times relevant to this action, ALN tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised, marketed, distributed, and/or sold the component implanted in [Milne] in interstate commerce and throughout the State of Ohio." (Doc. 2, #24). The problem for Milne is that these are precisely the kind of vague and conclusory allegations that simply do not count for the Court's jurisdictional analysis. But beyond those conclusory allegations, Milne alleges no actual facts from which the Court can reasonably infer that ALN had a specific intent to serve the Ohio market. As such, Milne's conclusory jurisdictional allegations "fall far short of establishing 'with reasonable particularity sufficient contacts' between [ALN] and the state of Ohio." *Arnold*, 681 F. Supp. 3d at 819 (citation omitted). Rather, Milne's "failure to set forth *any* specific facts speaking to this factor leads the Court to conclude that [ALN] is not subject to the Court's jurisdiction." *Id.* at 820 (citing *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018)). In short, there is simply nothing in the Complaint that suggests purposeful availment (or frankly that Milne could satisfy either of the other two steps).

Perhaps sensing that her jurisdictional allegations may not pass muster, Milne suggests that the Court should permit her to engage in limited jurisdictional discovery. (*See* Doc. 8, #80). The Court certainly could do so. Indeed, it is "well established" that jurisdictional discovery is "within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)).

And the Sixth Circuit has on occasion remanded matters for that purpose. *See Malone*, 965 F.3d at 506–07.

But the Court concludes that such discovery is not warranted here. Take *Malone*, for example. There, the defendant *conceded* "that i[t] *ha[d]* purposefully availed itself of Ohio," even thought it was challenging jurisdiction. *Id.* at 507. Against that backdrop, with a key factor admitted, the Sixth Circuit concluded that jurisdictional discovery was appropriate. *See id.* at 506–07.

But here, ALN makes no such concession. And "[n]umerous cases hold that district courts have the discretion to deny jurisdictional discovery when, as here, the complaint fails to make a prima facie case of personal jurisdiction." *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1030 (E.D. Mo. 2015) (citation omitted); *see, e.g.*, *Kerry Steel, Inc.*, 106 F.3d at 154 ("A district court … is not required 'to hold an evidentiary hearing [or permit discovery] when … a plaintiff's pleadings and affidavits are insufficient to make a prima facie showing of facts supporting the court's assertion of in personam jurisdiction." (italics omitted)). So the Court denies Milne's request.

**B.      The Court Denies Milne Leave to Amend Because Her Proposed Amended Complaint is Futile.**

But that's not all. In her Response, Milne alternatively requests leave to amend her Complaint, providing a proposed Amended Complaint. (Doc. 8, #77; Doc. 8-1 (proposed amended complaint)). Of course, under Federal Rule of Civil Procedure 15(a), Milne has the right to amend once as a matter of course in response to a motion under Rule 12(b), so leave may not have been necessary. But, while she noted the

existence of that path, (Doc. 8, #86), she chose not to pursue it. Instead, she requested leave to amend, thus inviting the Court to "review [her] proposed amendments." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) (per curiam). And, having invited such review, Milne "cannot then complain that the … Court accepted this invitation." *Id.* at 870 (citation omitted); *see also Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) ("[Plaintiff] waived his right to press the argument on appeal, having sought leave in the district court instead of simply filing an amended complaint, and having cited in support of his request the portion of Civil Rule 15 that says leave is required."), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019). But based on the Court's review, the Court concludes that Milne's proposed amendment is futile, so the Court denies her request.

Of course, as a general matter, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). And while the Court has "discretion to deny a motion to amend a complaint … [the Sixth Circuit has] held on several occasions that a district court abuses its discretion when it fails to state a basis for its decision to deny a motion to amend." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (collecting cases). But it is also well settled that the Court may properly deny leave to amend when the plaintiff's proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). And amendment is futile "if the amended complaint could not withstand a motion to dismiss." *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 961 (N.D. Ohio 2018) (citation omitted).

9

Here, Milne's proposed amendment suffers from the same defects as to personal jurisdiction that the Court has already identified. Milne's proposed Amended Complaint asserts that the "Court has personal jurisdiction over Defendants because Defendants systematically and continuously conduct business activities and/or enter into contractual relationships within this State." (Doc. 8-1, #89). And she reasserts her boilerplate allegation that ALN engaged in various activities, such as packaging, promotion, and advertisement, within the State of Ohio. (*Id.* at #90). But even construed liberally in Milne's favor, these conclusory assertions are nothing like the "*specific* facts" that a plaintiff needs to allege to establish a prima facie case. *Kerry Steel*, 106 F.3d at 149 (emphasis added); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citing *Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)) (requiring "reasonable particularity" to establish jurisdiction). So Milne's proposed amendment is futile for the same reasons the Court has already discussed.

## CONCLUSION

In sum, the Court **GRANTS** ALN's Motion to Dismiss (Doc. 4) for lack of personal jurisdiction. As is typically the case with such jurisdictional dismissals, the Court grants that motion **WITHOUT PREJUDICE**.[2] Consistent with that, the

---

[2] If Milne chooses to refile, the Court strongly encourages her to allege specific facts about ALN's alleged conduct in the state of Ohio (e.g., if she contends that ALN advertised in the state, facts generally describing where, when, and by what means such advertising occurred; if she instead (or in addition) relies on manufacturing, where in Ohio the manufacturing occurred, and the same for testing, studying, researching, designing, formulating, inspecting, etc., to the extent that Milne is relying on one or more of those activities in the laundry list she provides in paragraph 7 as the basis for showing that ALN has a connection to Ohio).

10

Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the

Court's docket.

      **SO ORDERED.**

 May 18, 2026
**DATE**                            **DOUGLAS R. COLE**
                                   **UNITED STATES DISTRICT JUDGE**

---

Moreover, on the merits of her claim, the Court also encourages her to include facts about the alleged surgery (when and where it occurred) and the component ALN allegedly supplied.